UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MOVE MERCH, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:14-CV-878 CAS ) |
| AMARU/AWA MERCHANDISING, INC., AMARU ENTERTAINMENT, INC., and DECOSTA MARKETING, INC., | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant DeCosta Marketing, Inc.'s ("DeCosta") motion to dismiss plaintiff Move Merch, LLC's complaint pursuant to Rule 12(b)(6). Plaintiff opposes the motion. For the following reasons, DeCosta's motion to dismiss will be denied.

## I. Background

This case arises out of the licensing and online sale of t-shirts, fleece tops, and headwear bearing the intellectual property of the late entertainer Tupac Shakur. According to the complaint, after Mr. Shakur's death, his mother Afeni Shakur founded defendant Amaru Entertainment, Inc., which exclusively owns the intellectual property rights of the late entertainer. Ms. Shakur's company entered into a joint venture with an individual named Rick Barlowe, and the two formed AWA Merchandising, Inc. AWA Merchandising Inc. obtained an exclusive license of the late Tupac Shakur's intellectual property rights for the purpose of furthering the entertainer's legacy. Amaru Entertainment, Inc. and AWA Merchandising, Inc. (the "Amaru defendants") then contracted with a marketing company, defendant DeCosta. DeCosta was to develop and maintain a Tupac Shakur personalized website and a corresponding Facebook page.

Plaintiff Move Merch, LLC is an entertainment merchandising company operating out of Overland, Missouri. Plaintiff "creates, produces, and distributes high quality merchandise on behalf of its clients." (Compl. ¶ 18). Plaintiff entered into an agreement with "Amaru/AWA Merchandising c/o DECOSTA Marketing, Inc." granting plaintiff the exclusive right to manufacture and sell Tupac Shakur merchandise online through the Tupac Shakur website and the corresponding Facebook page. Plaintiff sold its merchandise online through these websites for nearly two years, before defendants terminated the agreement.

In its complaint, plaintiff alleges defendants breached their online sales agreement by terminating the agreement. Plaintiff also alleges defendants were unjustly enriched by the $75,000 advance plaintiff paid defendants pursuant to the agreement.

In response to the complaint, DeCosta filed the instant motion to dismiss for failure to state a claim. DeCosta states plaintiff has not pled a cognizable claim against it because DeCosta was the agent of the Amaru defendants, and an agent cannot be held liable for acts performed within the course and scope of the agency relationship.

**II.     Legal Standard**

On a motion to dismiss, the Court accepts as true the factual allegations contained in the complaint and grants the plaintiff the benefit of all reasonable inferences that can be drawn from those allegations. See Lustgraaf v. Behrens, 619 F.3d 867, 872-73 (8th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

"While courts primarily consider the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, courts additionally consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned;' without converting the motion into one for summary judgment. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004)." Miller v. Redwood Toxicology Lab, Inc., 688 F.3d 928, 931 & n.3 (8th Cir. 2012); see also Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 853 (8th Cir. 2014) (holding that the plaintiff stated a claim of breach of contract because the essence of the claim was apparent from the complaint and attached document).

### III. Discussion

Plaintiff's complaint against DeCosta is brought in two counts: breach of contract (Count I) and unjust enrichment (Count II). The Court will address each Count separately.

A. Breach of Contract (Count I)

The contract at issue, the Online Sales License Agreement ("Online Sales Agreement"), is attached to the complaint as exhibit 1. Plaintiff alleges that it contracted "with Amaru/AWA in care of DeCosta marketing" for online sales. (Compl. at ¶ 19). Plaintiff alleges on information and belief that DeCosta "was granted authority to hire third-party vendors on behalf of Amaru/AWA to . . . sell Tupac Shakur licensed products through the Website. . . ." (Compl. at ¶ 17). Plaintiff

alleges defendants breached the Online Sales Agreement, causing plaintiff damages. (Id. at ¶¶ 32, 37).

DeCosta moves to dismiss the breach of contract claim, arguing plaintiff pleaded no facts supporting DeCosta's individual liability under a contract or quantum meriut theory. (Mem. at 2). "In fact, Plaintiff pleads any actions taken by DeCosta was in its representative capacity, which requires dismissal of the claims against DeCosta for its actions as an agent for Amaru-AWA Merchandising." (Id.).

DeCosta cites Town & Country Appraisals, LLC v. Hart, 244 S.W.3d 187, 198 (Mo. Ct. App. 2007), in support of its argument. In Town & Country Appraisals, the plaintiff pled that "[the individual defendant] was serving and acting as the agent of [the corporate defendant], and that all acts alleged herein were performed by [individual defendant] within the scope and course of [her] agency." As pled, the plaintiff's allegations concerned the individual defendant *only* in her representative capacity. Id. The appellate court upheld the trial court's dismissal of the complaint against the individual defendant. Likewise, in Stricklin v. Litton Loan Servicing, L.P., 2014 WL 1315961, *2 (E.D. Mo. Apr. 2, 2014), cited by DeCosta, the contract at issue was between plaintiffs and a bank, and not between plaintiffs and the agents of the bank. "Plaintiffs have not pled the existence of a contract between themselves and the [agents of the bank]." Id.

Unlike Town & Country Appraisals and Stricklin, here there are significant factual and legal questions regarding whether DeCosta was acting as an agent of Amaru-AWA Merchandising, Inc. when DeCosta's President, Jesse DeCosta, signed the Online Sales Agreement. Plaintiff pled the fact of the agency relationship "on information and belief." (Compl. at ¶ 17). Specifically, plaintiff stated: "On information and belief, DeCosta was granted authority to hire third-party vendors on

behalf of Amaru/AWA to . . . sell Tupac Shakur licensed products through the Website and other online outlets." (Id.). Plaintiff pled that it "contracted with Amaru/AWA in care of DeCosta Marketing"; not that it contracted with the Amaru defendants. (Compl. at ¶ 19).

Upon review of the Online Sales Agreement, it is not clear to the Court who is contracting with whom. The Agreement states:

> THIS AGREEMENT is entered . . . by and between Amaru/AWA Merchandising, c/o DECOSTA Marketing, Inc., a corporation incorporated in the province of Ontario, Canada, with its principal office located at 2126 Burnhamthrope Rd. W, Box 98039 Mississauga, ON, L5L 3A0 ("Licensor") and Move Merch LLC, a Missouri limited liability company, having its principal office at 1525 Fairview Industrial, Overland, MO 63132 ("Licensee").

Compl., Ex. 1. The Agreement is signed as follows (handwritten portions of signature block are shown here in italics):

| **LICENSOR:** | **LICENSEE:** |
|---|---|
| Amaru/AWA Merchandising<br>BY DECOSTA MARKETING INC. | MOVE MERCH LLC |
| By: /s/ *Jesse DeCosta* | By: /s/ *Nick Loftis* |
| Name: *JESSE DECOSTA* | Name: *Nick Loftis* |
| Title: *PRESIDENT* | Title: *President* |
| —*PENDING RECEIPT OF*<br>*WIRE TRANSFER ON*<br>*JUNE 1ST, 2012.* | |

Whether plaintiff can state a claim of breach of contract against DeCosta depends on the factual and legal question of agency. In its memorandum, DeCosta refers twice to plaintiff's statement in another filing that the "Agreement clearly states that this contract is between Amaru-AWA Merchandising as Licensor and Move Merch as Licensee." See e.g., DeCosta Mem. at 1-2,

3 (citing Doc. 28 at 7). While plaintiff might have stated this in its brief in support of personal jurisdiction over the Amaru defendants, the Court refers back to the Online Sales Agreement which does not state that contract is between Amaru-AWA Merchandising and plaintiff. Rather, the Online Sales Agreement states it is between "Amaru/AWA Merchandising, c/o DECOSTA Marketing, Inc." and is signed by the President of DeCosta.

On the face of the complaint, it is plausible that plaintiff can state a breach of contract claim against DeCosta. Discovery is necessary to outline the scope of any agency relationship between the Amaru defendants and DeCosta. If, after discovery, DeCosta can show that it was an agent of the Amaru defendants acting within the scope of that agency relationship, it may renew on summary judgment its argument that it is not liable as an agent. At this point, the Court finds that on the face of the complaint, which incorporates the Online Sales Agreement, it is plausible that plaintiff can state a breach of contract claim against DeCosta.

B.     Unjust Enrichment (Count II)

As to unjust enrichment, plaintiff claims that in consideration of the Online Sales Agreement, it paid an advance of $75,000 to defendants. (Compl. ¶40). Plaintiff claims defendants would be unjustly enriched if they were permitted to retain this benefit at plaintiff's expense. (Compl. ¶ 42).

DeCosta moves to dismiss the unjust enrichment claim, stating that plaintiff has not alleged it conferred any benefit upon DeCosta, rather plaintiff alleges DeCosta was acting in its representative capacity. DeCosta's argument is belied by the complaint. Plaintiff brings Count II against all defendants. Plaintiff does not distinguish among the three defendants, nor does it state that Count II is brought against DeCosta in its representative capacity. Because Count II is not

brought against DeCosta in any representative capacity, the Court will deny DeCosta's motion to dismiss this Count.

Accordingly,

**IT IS HEREBY ORDERED** that defendant DeCosta Marketing, Inc.'s motion to dismiss plaintiff Move Merch, LLC's complaint pursuant to Rule 12(b)(6) is **DENIED**. [Doc. 36]

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this ___10th___ day of March, 2015.